MATTESON *v.* WEAVER.

ATTORNEY AND CLIENT—DEBTOR AND CREDITOR—RECEIVERS—RIGHT
TO FUNDS IN RECEIVER'S HANDS.

>    Where, in a suit against individuals, the court canceled
>    stock subscriptions and notes given therefor on the ground
>    of fraud, and authorized the appointment of a receiver for
>    the corporation to protect the interests of such subscribers
>    and creditors, the attorney for the defendants in said suit
>    is not in the class of creditors intended to be protected,
>    nor is his claim for costs and services therein or for his
>    services in organizing the corporation payable out of the
>    funds in the receiver's hands.[1]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted January 13, 1926. (Docket No. 160.) De-
cided March 20, 1926.

Bill by Jesse O. Matteson and others against Charles
S. Weaver and others for the cancellation of stock sub-
scriptions on the ground of fraud in their procurement:
On petition of Laurence W. Smith for the allowance
of a claim. From an order denying the claim,
petitioner appeals. Affirmed.

*Joseph T. Riley* (*George S. Lovelace*, of counsel),
for plaintiffs.

*Laurence W. Smith, in pro. per.*

SHARPE, J. The facts in this case quite fully ap-
pear in the opinion published in 229 Mich. 495, wherein
the decree entered in the lower court was modified
and affirmed. In that decree the subscriptions signed
by plaintiffs for stock in the Harmony Oil Company
and the notes given pursuant thereto were canceled
because procured by fraudulent representation, and

---

[1]Corporations, 14a C. J. § 3272 (Anno).

the defendants were ordered to deliver them and all moneys and effects arising therefrom to the plaintiffs. It further provided that, if such surrender of securities and payment of moneys be not made within 20 days, a receiver be appointed to secure the same and to make report thereof to the court. Jurisdiction was retained to make such further order as might be necessary in the premises.

The decree was modified on its settlement by Mr. Justice FELLOWS by the insertion of the following paragraphs:

"The said circuit judge is directed to cause notice to be given to all subscribers of the capital stock of the said Harmony Oil Company and to cause an account to be taken of the relative equities of persons who contributed to the fund of the proposed Michigan corporation of the Harmony Oil Company and make such further decree in the premises as shall be necessary to do equity among all such stockholders.

"And the said circuit judge is authorized and directed to appoint a receiver of the said Harmony Oil Company, if necessary to properly adjust the interest of the subscribers of stock of the company *and to properly protect the creditors of said company,* if any there be, but the defendant, and each of them, are barred from participating as creditors in the fund created by subscriptions to the stock of said company."

Pursuant to these provisions, a receiver was appointed, and the moneys referred to are now in his hands for distribution. Laurence W. Smith, who acted as attorney for the defendants in the circuit and in this court, filed a claim against the fund in the hands of the receiver in the sum of $2,486.88, and insists upon his right to participate therein as a creditor of the oil company. The case is again before us on his appeal from the order of the circuit court denying his right thereto.

Mr. Smith testified in support of his claim that he was first consulted by Mr. Weaver, one of the defend-

ants, just prior to May, 1923, and advised him as to the procedure relative to the reorganization of the company; that he assisted in the preparation of a call for a stockholders' meeting, and had some talk with Mr. Galpin, one of the trustees, about it; that after the meeting he prepared the by-laws for the corporation and the articles of association, and attended to their filing; that he defended the suit brought, in which the decree referred to was rendered, in both the circuit court and this court; paid for the printing of the record and briefs, and looked after the accounting had after the remand to the circuit court. He further testified that he was retained by Mr. Weaver and his wife and J. Stuart Knee, who were the only defendants named in the bill of complaint. The corporation was not named as a party.

There is no issue as to the services rendered by Mr. Smith, or the charge therefor. The question is, Has he rights in this fund as a creditor? The money in the fund, in equity, belongs to the subscribers who paid it to the trustees. Anticipating that indebtedness might have been incurred in reliance on the action of the subscribers, the decree as modified provides that creditors having such claims might participate. Costs were allowed against the defendants in both the circuit court and this court. We are now asked to allow not only the taxable costs of the defendants but that to which Mr. Smith is entitled as between attorney and client to be paid out of the fund. It would be an injustice to plaintiffs and other subscribers of stock, and to the class of creditors referred to, to give such a construction to the word creditors as would permit this to be done.

The order of the circuit court is affirmed, with costs to appellees.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.